EVERSOLE, RESPONDENT, *v.* LA COMBE, APPELLANT.
No. 9025.
Submitted April 20, 1951. Decided May 29, 1951.
231 Pac. (2d) 945.

Mr. Joseph M. Goldman, Missoula, for appellant.
Mr. F. W. Wilson, Missoula, for respondent.
Messrs. Rankin & Acher, Helena, amicus curiae.
Mr. Goldman, Mr. Wilson and Mr. Acher argued orally.

MR. JUSTICE FREEBOURN:

Plaintiff and respondent, a member of the Retail Clerks International Association, Local Union 991, of Missoula, Montana,

was employed as an apprentice alteration clerk and then as a journey woman alteration clerk, by defendant and appellant in her fur and dress shop in Missoula.

During the years 1946, 1947, 1948 and 1949, the union and defendant signed written agreements covering defendant's employees, including plaintiff, all members of the union, as to minimum wages, hours of labor, and other conditions. Under these written agreements and contracts, plaintiff was entitled to a weekly wage equal to the minimum weekly wage set out therein. These written agreements were lived up to and carried out by defendant, except in one particular: She paid plaintiff from two to six dollars less per week than the minimum weekly wage called for.

Plaintiff brought this action to recover an amount equal to the difference between what she was actually paid and what the minimum wage clause in the written agreements entitle her to, and her attorney's fee for prosecuting such action.

The case went to trial before a jury but the court took it from the jury and directed judgment for plaintiff in the amount of $783.54. From this judgment defendant appeals.

Defendant contends that in each of said years, and within a few days after the written agreements were signed, she entered into an oral agreement with the union's business agent, whereby she was permitted to and did pay plaintiff a weekly wage, which was less than the minimum provided for in such written agreements, such weekly wage so paid being an amount which defendant deemed plaintiff's services to be worth. The union's business agent denies making such oral agreements.

Such oral agreements, if made, were void. The business agent was not authorized to make them. They would have the effect of nullifying the minimum wage scale provisions in such written agreements and contracts, insofar as plaintiff is concerned.

The right of the plaintiff to the minimum weekly wage provided for in the written agreement was an individual right and it could not be taken away by any agreement between defendant

and a union official. Piercy v. Louisville & N. R. Co., 198 Ky. 477, 248 S. W. 1042, 33 A. L. R. 322.

Defendant breached the written union contract by failing to ■ pay to plaintiff the minimum weekly rate of wages agreed upon therein, and plaintiff had the right to sue for the difference between the amount actually paid her and the amount due her under the contract. Reichert v. Quindazzi, Mun. Ct., 6 N. Y. S. (2d) 284; McNeill v. Hacker, City Ct., 21 N. Y. S. (2d) 432.

The parties agreed that summarizations, made by a public accountant from defendant's records, showing the actual wages paid plaintiff, could be used by the trial court in determining the difference between the amount actually paid her and the amount due under the written contract.

There being no questions of fact to be decided by the jury, ■ the court, properly, took the case from it.

We find no merit in any other assignment of error made, and for the reasons stated affirm the judgment of the lower court.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF, BOTTOMLY and ANGSTMAN concur.